53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles CROUSE, Petitioner-Appellant,
v.
Walt CHAPLEAU, Respondent-Appellee.
 No. 94-6128.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Charles Crouse, a Kentucky prisoner represented by counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1977, a jury found Crouse guilty of multiple counts of first degree sodomy, first degree rape, and first degree sexual abuse. He was sentenced to eighty years of imprisonment. After exhausting his available state court remedies, Crouse filed his habeas petition arguing that the trial court erred by refusing to answer a jury question concerning concurrent sentences and that his trial counsel was ineffective. Following an evidentiary hearing, the district court dismissed Crouse's petition as meritless.
 
 
 4
 In his timely appeal, Crouse only raises his ineffective counsel claim.
 
 
 5
 Upon review, we affirm the district court's judgment because Crouse has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 6
 Initially, we note that Crouse has not raised his jury question argument on appeal. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 7
 Crouse contends that his trial counsel was ineffective for failing to present particular evidence concerning Crouse's insanity defense. To establish that his attorney rendered ineffective assistance, Crouse must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Our review of the record indicates that Crouse's trial attorney rendered effective assistance and that his decision not to present the evidence in question was reasonable given the circumstances of the case. Strickland, 466 U.S. at 690.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation